## Allen v. Jewel Oil Company.

*Sales—Contract—Offer—Acceptance—New terms—Memorandum in writing—Act of May 19, 1915.*

Where a verbal offer is made to sell goods amounting to over $500 in value, and a telegram is sent in answer accepting the offer, but stipulating for a particular freight rate, and thereafter the seller sends what he terms a "confirmatory sales order," which omits reference to the freight rate and contains terms and conditions not previously mentioned, and the purchaser refuses to accept the confirmatory order, no contract is established within the provisions of the Sales Act of May 19, 1915, P. L. 543.

Motion for judgment for want of a sufficient affidavit of defence. C. P. Northumberland Co., Dec. T., 1923, No. 150.

C. M. Clement, for plaintiff; W. L. Snyder and J. A. Welsh, for defendant.

STROUSS, J., Sept. 2, 1924.—The plaintiff filed his statement of claim on Oct. 15, 1923, and the defendant on Nov. 5, 1923, filed his answer thereto. On Dec. 24, 1923, plaintiff filed an amended statement of claim, and on June 2, 1924, the defendant filed an amended affidavit of defence. Both affidavits of defence go to the merits of the case, but in the amended affidavit of defence there is an allegation that the value of the goods in controversy exceeds $500, and that, therefore, the contract, not being in writing and signed by the person to be charged, is unenforceable under the 4th section of the Sales Act of May 19, 1915, P. L. 543. The court permitted, over the objection of the plaintiff, the filing of the amended affidavit of defence, raising the question as to the enforceability of the contract.

The plaintiff's amended statement alleges that the plaintiff, on April 4, 1923, in a person-to-person telephone controversation with E. C. Maloney, president of the defendant company, gave defendants an option on fifteen cars, 58-60, straight run Pennsylvania gasoline, at 17½ cents per gallon, f. o. b. Pennsylvania refineries, not over 28 cents per 100 pound freight rate, ten cars to move during the last half of May and five cars to move by June 10th; terms, 1 per cent. cash discount, ten days from date of shipment; defendant to accept the proposition not later than the close of business, April 25, 1923. The statement further alleges that the offer or option was accepted by the defendant in a telegram in the following terms:

Allen *v.* Jewel Oil Company.

"TELEGRAM

"Received at
20 BU on 36 NL                    Shamokin Penn April 4 1924
"West Penn Oil Co
Warren Penn
"Will accept fifteen cars fifty eight sixty straight run Pennsylvania gasoline seventeen one eighth fob refinery not over twenty eight cent freight rate ten cars to move during May 5 cars to move by June tenth.

JEWEL OIL CO
803A April 5"

The statement contains a further allegation that on April 5, 1923, upon the receipt of the above telegram from the defendant, plaintiff purchased fifteen cars of gasoline, ten cars to be shipped the last half of May and five cars to be shipped before June 10th, all of the grade as set out in the option referred to in the third paragraph of the amended statement, and that, upon such purchase, plaintiff sent to the defendant a "Confirmatory Sales Order." (Plaintiff's Exhibit "B.")

The sixth paragraph of the amended statement alleges that the above telegram was an acceptance of its verbal offer or option to the defendant over the telephone, and is, therefore, a sufficient memorandum in writing of the contract to comply with the Sales Act of 1915. With this contention we are unable to agree. Plaintiff's Exhibit "B," attached to the statement of claim and referred to in the statement as a "Confirmatory Sales Order," was a new offer on the part of the plaintiff to the defendant to sell fifteen cars of gasoline upon certain terms and conditions set forth therein, which offer would become binding only upon defendant's signature thereto and its prompt return to the plaintiff. This sales order No. 704, while stipulating for the grade and quantity of gasoline referred to in the telephone conversation, nevertheless, expressly states: "We sell you the goods hereinafter specified upon the terms and conditions appearing below and upon the reverse side of this sheet upon your signature to this acceptance copy and its prompt return to us." An inspection of the sales order No. 704 shows the omission of the freight rate stipulated for in the alleged telephone offer and the telegram (Plaintiff's Exhibit "A"), and upon the reverse side of sales order No. 704 are many terms and conditions in fine print, casting about the plaintiff many safeguards and imposing upon the defendant many terms and conditions not alleged to have been part of the telephone conversation, the alleged acceptance of which the plaintiff makes the basis of his action. The plaintiff, in forwarding to the defendant this order, made a new offer to sell gasoline to the defendant in the quantity, grade and at the price per gallon which he had previously offered to the defendant over the telephone, and embodied in such order many new terms and conditions not pretended to be part of the alleged accepted telephone offer, and has omitted therefrom the very important item of freight rate, and is contending in this action that this order was in confirmation of an already accepted valid contract between the plaintiff and the defendant. The position is absolutely untenable. All prior negotiations were eliminated when the plaintiff sent to the defendant this sales order No. 704, which required, as a condition precedent to the sale becoming effective, that the defendant should sign and promptly return this order, not containing the freight rate and containing additional terms and conditions. The defendant having refused to sign and return the order as required by the plaintiff, the negotiations were ended and no contract entered into. The subsequent com-

munications between the parties do not bring the negotiations within the provisions of the 4th section of the Act of 1915.

And now, to wit, Sept. 2, 1924, judgment is entered in favor of the defendant and against the plaintiff.